1 | Robert D. Vogel (SBN 63091)
robert.vogel@jacksonlewis.com
2 | Danielle C. Cepeda (SBN 327502)
danielle.cepeda@jacksonlewis.com
3 | **JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
4 | Los Angeles, California 90017-5408
Telephone: (213) 689-0404
5 | Facsimile: (213) 689-0430

6

7 | Attorneys for Defendant
COLONIAL LIFE & ACCIDENT INSURANCE CO.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| RENE CASTRO, individually, and on behalf of other similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COLONIAL LIFE & ACCIDENT INSURANCE CO., and DOES 1 to 20, inclusive,<br><br>　　　　Defendants. | **CASE NO.:**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) DIVERSITY**<br><br>(Filed concurrently with Civil Case Cover Sheet; Notice of Removal; Declarations of Robert D. Vogel, J. Paul Julienne, and Justin Brown, Exhibits Thereto; Corporate Disclosure Statement; Notice of Interested Parties) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF RENE CASTRO AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant COLONIAL LIFE & ACCIDENT INSURANCE CO. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b) and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles ("Los Angeles Superior Court") based on diversity jurisdiction. In support thereof, Defendant avers the following:

## SERVICE AND PLEADINGS FILED IN STATE COURT

1. On November 23, 2021, Plaintiff RENE CASTRO ("Plaintiff"), individually, and on behalf of other similarly situated ("Plaintiffs") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles entitled *Rene Castro, individually, and on behalf of other similarly situated vs. Colonial Life & Accident Insurance Co.*, Case No. 21LBCV00618 (the "Complaint"). A true and correct copy of Plaintiff's Complaint and other related court documents received by Defendant is attached as **Exhibit A** to the Declaration of Robert D. Vogel concurrently filed with this Notice of Removal. (Declaration of Robert D. Vogel ("Vogel Decl."), ¶ 2.)

2. In the Complaint, Plaintiff asserts a single representative cause of action for civil penalties pursuant to California's Private Attorney General Act ("PAGA") for alleged failures to pay wages, reimburse necessary business expenses, provide proper written commission agreements, pay overtime, provide meal and rest periods, maintain adequate records, provide accurate itemized wage statements and timely pay all wages due upon termination because Plaintiff and the allegedly aggrieved individuals he seeks to represent were misclassified as independent contractors.

3. On December 3, 2021, Defendant was served with Plaintiff's Summons, Complaint and Civil Case Cover Sheet. The Complaint did not specify the amount of damages sought by Plaintiff individually or collectively on behalf of the aggrieved individuals he seeks to represent or provide any information regarding the amount in controversy other than the general statement the amount in controversy exceeded $25,000 which is the jurisdictional limit for unlimited civil cases in California. *California Code of Civil Procedure* §§ 86, 88.

4. On January 6, 2022, Defendant filed and served its Answer to Plaintiff's Complaint in state court, making a general denial as permitted by California Code of Civil Procedure section 431.30(d) and asserting various defenses. A true and correct copy

of Defendant's Answer is attached as **Exhibit B** to the Declaration of Robert D. Vogel concurrently filed with this Notice of Removal. (Vogel Decl. ¶ 3.)

5. On January 6, 2022, Defendant also filed a Preemptory Challenge and Motion to Disqualify Assigned Judge pursuant to California Code of Civil Procedure section 170.6. A true and correct copy of Defendant's Answer is attached as **Exhibit C** to the Declaration of Robert D. Vogel concurrently filed with this Notice of Removal. (Vogel Decl. ¶ 4.)

6. Exhibits A, B, and C constitute all pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

## TIMELINESS OF REMOVAL

7. This Notice of Removal has been filed within thirty (30) days after Defendant first ascertained that this action is removable. At the time of service of Plaintiff's Complaint, the amount in controversy could not be clearly ascertained.

8. Therefore, in order to assess the amount in controversy, on January 12, 2022, Defendant propounded Special Interrogatories, Set One on Plaintiff. (Vogel Decl. ¶ 6.) On January 18, 2022, Plaintiff served verified Responses to Defendant's Special Interrogatories, Set One and identified the individual damages he seeks which demonstrated for the first time the amount in controversy in this case as to him exceeds $75,000. (**Exhibit D**.)

## NOTICE TO ALL PARTIES AND STATE COURT

9. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff' counsel and filed with the Clerk of the Los Angeles Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## VENUE

10. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is

the judicial district of this Court in which the action arose, where Plaintiff resides and where the causes of action arose.

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

11. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. Under 28 U.S.C. § 1446(b)(3), a "notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See Harris v. Bankers Life and Cas. Co.* (9th Cir. 2005) 425 F.3d 689 (28 U.S.C. "§ 1446 "provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.")

12. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1).

13. The citizenship of the parties is diverse. As shown below, there is complete diversity of citizenship because this is an action between Plaintiff, a citizenship of California, on the one hand, and Defendant, a citizen of Southern Carolina, on the other hand.

## PLAINTIFF RENE CASTRO

14. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15. Defendant is informed and believes that Plaintiff was, at the time this action commenced, was and still is a resident and citizen of the State of California. (*See* Declaration of Robert D. Vogel ("Vogel Decl."), Exhibit A; *see also* Declaration of Justin Brown ("Brown Decl."), ¶ 6.)

16. Plaintiff Rene Castro was an independent contractor who performed services pursuant to a service agreement for Defendant as of September 24, 2013. (*Id.* at ¶ 4.)

### **DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.**

17. A corporate defendant is a citizen of any state in which it is incorporated as well as the state where it maintains its principal place of business pursuant to 28 U.S.C. § 1332(c)(1). The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A corporation can only have one "nerve center." *Id.* at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

18. At the time Plaintiff's Complaint was filed in state court, and presently at the time of removal, Defendant was and is a general business corporation organized under the laws of the State of South Caroline, with its principal place of business located in Columbia, South Carolina. Colonial Life & Accident Insurance Co.'s headquarters, including its main administrative office, executive offices, and home office are located in Columbia, South Carolina. No executive offices or executive officers ofDefendant are located in California; likewise, no senior management decisions of Defendant are made in California. (Declaration of J. Paul Julienne ("Julienne Decl."), ¶¶ 4, 8, 9.)

19. Therefore, Defendant's primary operations are handled outside the State of California; thus, diversity exists here.

20. No other defendant has been named in the Complaint.

21. Defendant is a subsidiary of the holding company Unum Group. (*Id.* at ¶ 4.)

22. Unum Group has an administrative services agreement with Defendant whereby Unum Group employees and independent contractors perform services for Defendant. Defendant does not have employees. (*Id.* at ¶ 5.)

23. Unum Group is a general business corporation organized under the laws of Delaware, with its principal place of business also located in Chattanooga, Tennessee. Unum Group's headquarters and principal place of business, including its main administrative office, executive offices, and home office, are located in Chattanooga, Tennessee. No executive offices or executive officers of Unum Group are located in California; likewise, no senior management decisions of Unum Group are made in California. (*Id.* at ¶¶ 10-12.)

## DOE DEFENDANTS

24. Defendant is not aware of any Doe Defendant having been served with a copy of the Summons and Complaint. The citizenship of Doe Defendants is disregarded for the purpose of removal. 28 U.S.C. § 1441(a). Based on the foregoing, there is complete diversity allowing removal by Defendant in that Plaintiff is a California citizen and Defendant Colonial Life & Accident Insurance Co. is not. 28 U.S.C. §§ 1441, *et seq.*; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1998).

## AMOUNT IN CONTROVERSY

25. This action also meets the amount in controversy requirement. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above, the matter in controversy exceeds the sum or value of $75,000.000, exclusive of interest and costs. Without admitting that Plaintiff could recover any damages, Defendant asserts that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

26. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every claim alleged. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, citing *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in

controversy analysis presumes that "plaintiff prevails on liability") and *Angst Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, citing *Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

27. Moreover, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or *in responses to discovery*, shall be treated as an "other paper" under subsection (b)(3)." 28 U.S.C. §1446(c)(A).

28. The amount in controversy may include compensatory damages and attorney's fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia* (1998) 142 F.3d 1150, 1155-1156 and *Goldberg v. CPC Int'l, Inc.* (1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See e.g., Simmons v. PCR Technology* (2002) 209 F.Supp.2d 1029, 1035. Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S*, 142 F.3d at 1155-1156.

29. Defendant denies the validity and merit of all of Plaintiff's claims, including the amount claimed, the legal theories upon which they purportedly are based, and the claims for monetary and other relief that flow from them, but properly uses Plaintiff's alleged theories of recovery to demonstrate that it is more probable than not the amount in controversy exceeds $75,000. *Chavez v. JP Morgan Chase Co.,* 888 F.3d 413, 418

(9th Cir, 2018) (the amount in controversy includes all relief claimed at the time of removal that Plaintiff would be entitled to if he prevails).

30. According to Plaintiff, he was unlawfully misclassified as an independent contractor who performed services for Defendant as a Public Sector Manager since September 24, 2013. (Vogel Dec., Ex. A at ¶ 9.)

31. Although Plaintiff's complaint does not allege the amount of damages sought by him, individually or collectively on behalf of the aggrieved individuals he seeks to represent, or provide any information regarding the amount in controversy, Plaintiff recently provided such information in his verified responses to Defendant's Special Interrogatories, Set One. In his responses, Plaintiff identified the PAGA period of liability for purposes of his claimed individual damages as June 28, 2020- November 23, 2021. There are approximately 1,209 allegedly aggrieved individuals between June 28, 2020 and November 23, 2021 and 37 pay periods during the same time period. (Brown Decl., ¶ 5.)

32. In Plaintiff's verified discovery responses, he identifies the following 21 separate violations as having taken place between June 28, 2020 (one year before he served the required PAGA written notification) and November 23, 2021, the date Plaintiff's Complaint was filed;

| Labor Code § 226.8(c) | **$25,000** |
|---|---|
| Labor Code § 226.7 | Two $100 initial violations + two $200 subsequent violations x 36 pay periods = **$7,300** and **$7,300** respectively |
| Labor Code § 246 | $100 for initial violation + $200 subsequent violations x 36 pay periods = **$7,300** |
| Labor Code §§ 1198.5 226 and 432, | $750 + $750 = **$1,500** |
| Labor Code § 3550 | $100 for initial violation + $200 for subsequent violation x 36 pay periods = **$7,300** |
| Labor Code § 247.5 | $100 for initial violation + $200 for subsequent violation x 36 pay periods = **$7,300** |
| Labor Code § 510 | $100 for initial violation + $200 for subsequent violation x 36 pay periods = **$7,300** |

| | | |
|---|---|---|
| | Labor Code § 512 | Two $100 initial violations + two $200 for subsequent violations x 36 pay periods = **$7,300** and **$7,300** respectively |
| | Labor Code § 226(a) | $100 for initial violation + $200 for subsequent violation x 36 pay periods =**$7,300** |
| | Labor Code § 551 | $100 for 2 violations + x 37 pay periods =**$7,300** |
| | Labor Code § 558 | $100 for initial violation + $200 for subsequent violation x 36 pay periods =**$7,300** |
| | Labor Code § 1050 | $100 for initial violation + $200 for subsequent violation x 36 pay periods =**$7,300** |
| | Labor Code § 203 | $100 for initial violation + $200 for subsequent violation x 28 pay periods =**$5,700** |
| | Labor Code § 2807 | $100 for initial violation + $200 for subsequent violation x 28 pay periods =**$5,700** |
| | Labor Code § 3700 | $100 for initial violation + $200 for subsequent violation x 36 pay periods =**$7,300** |
| | Labor Code § 2802 | $100 for initial violation + $200 for subsequent violation x 36 pay periods =**$7,300** |
| | Labor Code § 2807 | $100 for initial violation + $200 for subsequent violation x 36 pay periods =**$7,300** |
| | Labor Code § 2808 | $100 for initial violation + $200 for subsequent violation x 36 pay periods =**$7,300** |
| | Labor Code § 201 | $100 for initial violation + $200 for subsequent violation x 36 pay periods =**$7,300** |
| | | |
| | **PLAINTIFF'S TOTAL INDIVIDUAL DAMAGES SOUGHT:**[1] | **$162,000** for each aggrieved individual x 25% for individual recovery = **$40,500** |
| | **PLAINTIFF'S INDIVIDUAL** | **$162,000,000.00** x 1,209 aggrieved individuals = **$195,858,000.00** x 25%= **$48, 964,500.00** as the total |

| **ATTORNEY'S FEES APPORTIONMENT FOR PURPOSES OF REMOVAL** [2] | estimated amount of attorneys' fees so **$48, 964,500.00** ÷1,209 aggrieved individuals = **$40,500** as Plaintiff's pro rata share of attorneys' fees |
|---|---|
| **TOTAL AMOUNT IN CONTROVERSY** | Plaintiff's total individual damages and apportioned attorneys' fees are **$40,500** + **$40,500** =**$81,000** as to Plaintiff's individual amount in controversy. |

[1] Consistent with PAGA, 75% of each aggrieved individual's entitlement to damages is paid to the state of California Labor Worker Development Agency and 25% is paid to the aggrieved individual.

[2] For purposes of removal, courts routinely apply the total amount of Plaintiff's claimed damages award, in this case, $162, 000 x the number of alleged aggrieved individuals during the relevant time period (1,209) which is then multiplied by .25% of damages that is awarded to each individual for a plaintiff's estimated total attorney's fees in this case for removal purposes. Thus, consistent with Plaintiff's complaint and verified discovery responses, his individual damages award and attorney's fees he would recover if he prevails on all the claims that he asserts in the complaint would be $40,500 in damages and the same amount, $40,500 in attorney's fees, for a total of $81,000 which exceeds the amount in controversy for removal purposes.

## DIVERSITY JURISDICTION IS SATISFIED

32. This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## VENUE IS PROPER

33. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was removed from the Superior Court of California for the County of Los Angeles and the Central District of California, Western Division, is the judicial district where the state action is pending. Further, the Central District of California is the judicial district of this Court in which the claims alleged in the Complaint arose.

34. For all the foregoing reasons, this Court has original jurisdiction of Plaintiff's Complaint under 28 U.S.C. §§ 1332 and 1441 *et seq.*

WHEREFORE, Defendant prays the above action now pending against them in the Superior Court of the State of California for the County of Los Angeles be removed to this Court.

Respectfully submitted,

Dated: February 18, 2022

JACKSON LEWIS P.C.

By */s/ Robert D. Vogel*
   Robert D. Vogel
   Danielle C. Cepeda

Attorneys for Defendant
COLONIAL LIFE & ACCIDENT INSURANCE CO.

4866-8899-9183, v. 1